UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PIERRE Q. PULLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:18-cv-03912-JMS-TAB |
| | ) |
| WALMART E COMMERCE, | ) |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO COMPEL**

**I.    Introduction**

Pending before the Court is Defendant Wal-Mart Stores East's motion to compel. [Filing No. 47.] Defendant filed this motion seeking to compel Plaintiff Pierre Pullins to appear for his deposition after failing, on four separate occasions, to secure Pullins' deposition. Citing his work schedule, Pullins asked Wal-Mart to reschedule his properly noticed deposition multiple times. Wal-Mart agreed to do so. However, after rescheduling the deposition to a fourth date, Wal-Mart held firm when Pullins again asked that his deposition be reset. Pullins failed to appear for his deposition on that fourth attempt, prompting Wal-Mart to file the instant motion to compel seeking an order for Pullins to appear for his deposition. The motion also seeks to reschedule certain deadlines necessitated by Wal-Mart's inability to secure Pullins' deposition and requests an award of attorney's fees ($400) and costs ($380).

The Court set the motion to compel for a January 31, 2020, hearing. Wal-Mart appeared by counsel and Pullins, proceeding *pro se*, appeared personally. The Court heard argument. Wal-Mart advised the Court that since filing the motion to compel it had secured Pullins'

deposition. Accordingly, the motion should be denied as moot as to that relief. However, for the reasons set forth on the record at the hearing and as discussed below, the motion should be granted in part and the Court should: (1) award Wal-Mart $400 in attorney's fees and $380 in costs; and (2) enlarge the dispositive motions deadline to March 10, 2020.

**II.     Discussion**

Following the April 23, 2019, initial pretrial conference, the Court approved a Case Management Plan providing that all discovery be completed by October 14, 2019, and that any dispositive motions be filed by December 12, 2019. [Filing No. 22.] On July 17, 2019, Wal-Mart served written discovery on Pullins. Pullins failed to timely respond to Wal-Mart's discovery, prompting the Court to hold a status conference on September 5, 2019, and order Pullins to serve his overdue discovery by September 19, 2019. [Filing No. 29.] Pullins did not comply with this order, prompting Wal-Mart to file a motion to enlarge CMP deadlines. [Filing No. 30.] The Court granted the motion and enlarged the discovery deadline to December 3, 2019, and the dispositive motions deadline to January 10, 2020. [Filing No. 31.]

Pullins' discovery missteps continued. On November 15, 2019, Wal-Mart filed another motion to enlarge the discovery and dispositive motion deadlines. [Filing No. 37.] This motion referenced Plaintiff's "incomplete" discovery responses despite Wal-Mart following up with him on this issue "over 10 times[.]" [Filing No. 37, at ECF p. 2.] The Court granted this second motion to enlarge deadlines, resetting the discovery deadline to January 2, 2020, and the dispositive motions deadline to February 10, 2020. [Filing No. 39.] In doing so, the Court specifically added this admonition: "The Court is concerned the Plaintiff's actions are disrupting the schedule and resolution of this matter. The Court will not tolerate missed deadlines,

incomplete discovery responses, and similar conduct that causes such problems." [Filing No. 39, at ECF p. 1.]

Pullins' failure to adequately respond to Wal-Mart's discovery requests and failure to provide signed authorizations required Wal-Mart to cancel Pullins' deposition, which had been noticed for September 27, 2019. Wal-Mart reset Pullins' deposition for December 2, then rescheduled it at Pullins' request for December 17. [Filing No. 48, at ECF p. 3.] Pullins thereafter notified Wal-Mart that due to his work schedule he would not be attending his deposition on December 17. In an attempt to accommodate Pullins' schedule, Wal-Mart reset Pullins' deposition for December 20. [Filing No. 48, at ECF p. 3.] Pullins asked Wal-Mart to cancel the deposition because he would not appear. Wal-Mart advised Pullins that, due to the January 2 discovery deadline and February 10 dispositive motions deadline, Wal-Mart could not postpone Pullins' deposition into January as he requested. [Filing No. 48, at ECP p. 3.] Wal-Mart informed Pullins that it would not cancel the deposition and that he was expected to appear. [Filing No. 48, at ECP p. 4.] Pullins did not appear for his December 20 deposition, prompting the motion to compel that now pends before the Court.

Pullins' response to the motion to compel explains that his busy work schedule prompted him to request that his deposition be repeatedly rescheduled. As a Wal-Mart employee, December was his "peak" season, he was working "mandatory overtime," and Pullins "was tired" and in "no shape to sit for a deposition[.]" [Filing No. 49, at ECF p. 2.] There are numerous problems with this response. First, Pullins filed this lawsuit, so he has to be willing to make himself reasonably available for a deposition. Second, Wal-Mart went to great lengths to accommodate his schedule, rescheduling the deposition numerous times. In fact, the December 20 date was Pullins' day off, and Wal-Mart (both the Defendant in this case and Pullins'

employer) provided him with an excused absence on December 19 so he could rest and prepare for his deposition. [Filing No. 48-7, at ECF p. 3.]

Moreover, Pullins admitted at the January 31 hearing that he never even asked his supervisor for time off for his deposition. Nor did he seek a protective order or other order from the Court to address his claimed inability to appear for his deposition on December 20. Although Pullins is proceeding *pro se*, he is an experienced litigant: a search of the Court's docket reveals that he has filed at least 13 other lawsuits in this district.[1] And of course, as noted above, the Court had warned Pullins that it would not tolerate any additional discovery misconduct. [Filing No. 39, at ECF p. 1.] Pullins was well aware of this warning when he opted to not appear at his deposition. In an email exchange with Wal-Mart's counsel on the matter he stated, "I understand you will file some sort of sanctions motion and I understand Judge Baker's admonishment but I have to ask for more time to cover this 'Peak Period' at work. I'll just have to take the ramifications." [Filing No. 48-6, at ECF p. 3.]

Fortunately for Pullins, the sanctions Wal-Mart is seeking are extremely modest. Wal-Mart requested only one hour of attorney time incurred by attorney Susan Zoeller, a principal and litigation manager at Jackson Lewis. Counsel at the hearing represented that her time is

---

[1] *See Pullins v. Walmart E Commerce et al.*, Case No. 1:18-cv-03912-JMS-TAB; *Pullins v. S3 Sanitation Cleaning LLC.*, Case No. 1:18-cv-01293-TWP-MJD; *Pullins v. Nachand*, Cause No. 1:17-cv-02589-SEB-DML; *Pullins v. Citi Mortgage, Inc.,* Cause No. 1:17-cv-01018-TWP-DML; *Pullins v. Family Development Services, Inc.*, Cause No. 1:16-cv-01283-SEB-TAB; *Pullins v. Kuehne + Nagel Incorporated*, Cause No. 1:15-cv-02029-TWP-DKL; *Pullins v. United States Government et al.*, Cause No. 1:15-cv-00936-WTL-DKL; *Pullins v. Amazon.com.INDC, LLC.*, Cause No. 1:14-cv-00300-DKL-TWP; *Pullins v. Amazon.com, Inc. et al.*, Cause No. 1:13-cv-01051-WTL-MJD; *Pullins v. Marion County Election Board et al.*, Cause No. 1:10-cv-00430-LJM-TAB; *Pullins v. Mays et al.,* Cause No. 1:08-cv-00522-DFH-JMS; *Pullins v. Zimmer Custom Made Packaging et al.,* Cause No. 1:06-cv-00256-DFH-WTL; *Pullins v. Gooden et al.,* Cause No. 1:05-cv-00746-SEB-VSS.

billed at $400 per hour, and submitted an invoice supporting this. [Filing No. 48-8, ECF at p. 3.] As a lawyer with more than 20 years of practice specializing in employment litigation, this rate is reasonable. Irrespective of Zoeller's hourly rate, the request of only $400 in attorney's fees is low given the amount of time beyond a single hour Pullins required Wal-Mart's counsel to incur in scheduling his deposition four different times, having counsel (and the court reporter) attend the deposition only to have Pullins fail to appear, drafting the motion to compel, and appearing at the January 31 hearing on that motion. In addition, Wal-Mart submitted the court reporter's bill of $380, which also is reasonable. [Filing No. 48-8 at ECF p. 2.]

Fed. R. Civ. P. 37(d)(1)(i) provides the Court may order sanctions if "a party . . . fails, after being served with proper notice, to appear for that person's deposition[.]" Moreover, Rule 37(d)(2) provides that such a failure "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." As noted above, Pullins did not file a motion for protective order regarding his desire of being excused from attending his deposition.

### III.     Conclusion

Pullins repeatedly failed to appear for his deposition as part of his ongoing discovery missteps. Facing deadlines that already had been extended twice, Wal-Mart understandably declined to reschedule Pullins' deposition yet again. The Court warned Pullins against additional discovery misconduct. Pullins was well aware of this admonition, but nevertheless intentionally failed to appear for his deposition. This conduct is sanctionable. Accordingly, the motion to compel should be granted in part and denied in part consistent with this entry, and the deadline to file dispositive motions should be enlarged to March 10, 2020. Pullins should be required to reimburse Wal-Mart $780 within 30 days from the date of the adoption of this order. If Pullins

fails to timely pay this $780, further sanctions, including dismissal of this action, may be appropriate.

Any objection to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 2/5/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

PIERRE Q. PULLINS
6120 Westlake Drive N.
Apt. B
Indianapolis, IN 46224

Drew Christopher Ambrose
JACKSON LEWIS PC (Indianapolis)
drew.ambrose@jacksonlewis.com

Susan M. Zoeller
JACKSON LEWIS PC (Indianapolis)
susan.zoeller@jacksonlewis.com