UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PIERRE Q. PULLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-03912-JMS-TAB |
| | ) |
| WALMART E COMMERCE, | ) |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PLAINTIFF'S
MOTION TO COMPEL AND MOTION FOR DISCOVERY**

**I.    Introduction**

Plaintiff Pierre Q. Pullins seeks to compel Defendants to produce copies of the "Gap Time Policy" for warehouse 6280. [Filing No. 63.]  He also filed a motion for discovery [Filing No. 70] in which he seeks to have the Court deny or defer consideration of Defendant Wal-Mart Stores East, LP ("Walmart")'s summary judgment motion.  Walmart filed a brief in response to Pullins's motion to compel and argues that this issue has already been settled by the Court and is both moot and irrelevant.  [Filing No. 64, at ECF p. 1.]  In addition, Walmart contends that it has already produced a copy of the policy.  [Filing No. 64, at ECF p. 2.]  Pullins refuses to explain why he needs anything different than what he has already received.  Therefore, for reasons explained in more detail below, Pullins's motion to compel [Filing No. 63] is denied, as is his motion for discovery [Filing No. 70].

**II.     Background**

In this employment discrimination case, Pullins asks the Court to compel Walmart to produce copies of the "Gap Time Policy" for warehouse 6280. [Filing No. 63, at ECF p. 1.] He alleges that Walmart instead produced a policy that appears to be from another facility. [Filing No. 63, at ECF p. 1.] Pullins does not explain why he needs anything different than what was produced. Rather, he simply contends that he needs the policy in order to write his cross motion for summary judgment because he believes it will help him argue that Walmart has not been truthful in responding to discovery requests and that the policy is evidence of proprietary information from a competitor. [Filing No. 63, at ECF p. 1-2.]

Walmart, by contrast, argues that this issue has already been settled by the Court, noting that this is the third time that Pullins has attempted to raise this issue. [Filing No. 64, at ECF p. 1.] Walmart further argues that it has already responded to Pullins's request for production ("RFP"). Pullins's RFP #14 asked Walmart to produce a copy of "Wal-Mart's (6280) Gap Time Policy and policy on production rates." [Filing No. 64-2, at ECF p. 9.] Walmart objected on the grounds that the request was both overly broad and not relevant. [Filing No. 64-2, at ECF p. 9-10.] Walmart also asserted that Pullins could access the requested document as a current Walmart associate. [Filing No. 64-2, at ECF p. 10.] Finally, without waiving its objections, Walmart produced a copy of "the relevant Gap Time Policy." [Filing No. 64-2, at ECF p. 10.] In his reply, Pullins continues to set forth accusations that Walmart has been dishonest with its discovery responses. Pullins also notes, in addressing why he has not put forth a reason for seeking this discovery, that he "doesn't believe he has to explain his legal strategy to Walmart." [Filing No. 65, at ECF p. 3.]

2

Pullins recently filed his motion for discovery [Filing No. 70] which now pends before the Court, in which he asks the Court to deny or defer consideration of Walmart's summary judgment motion to allow time for Walmart to turn over the requested discovery regarding the Gap Time Policy.

**III.     Discussion**

As an initial matter, Walmart contends that this is the third time Pullins has attempted to raise an argument before the Court regarding the Gap Time Policy. [Filing No. 64, at ECF p. 1.] The Court recognizes that first, Pullins referenced the Gap Time Policy in his reply to Walmart's response in opposition to Pullins's motion for an order to show cause. [Filing No. 45, at ECF p. 2.] The Court did not specifically address this argument but nevertheless denied Pullins's underlying motion for being both procedurally and substantively deficient. [Filing No. 46, at ECF p. 1.] Next, Pullins brought up the Gap Time Policy in his response to Walmart's motion to compel his deposition. [Filing No. 49, at ECF p. 3.] The Court issued a Report and Recommendation which did not address this specific argument but did recommend that Walmart's motion to compel be granted and a monetary sanction of $780.00 be imposed against Pullins[1]. [Filing No. 54, at ECF p. 5-6.] Pullins now once again claims in his motion to compel that he needs the specific Gap Time Policy for warehouse 6280. [Filing No. 63.] He further argues in his motion to compel discovery that the Court should delay consideration of or altogether deny Walmart's summary judgment motion because he needs this policy. [Filing No. 70.]

However, the bigger issue is that Pullins continues to refuse to state why the policy is relevant to his claims or why the documents that he has received from Walmart are not sufficient

---

[1] The Report and Recommendation has not yet been adopted by the district judge.

3

to address his discovery request. Fed. R. Civ. P. 26(b)(1) permits discovery into "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Pullins has not provided the Court with any reason why his discovery request is relevant to his claims. Thus, he does not even meet the threshold requirement of Fed. R. Civ. P. 26. Additionally, Fed. R. Civ. P. 37 is designed to provide litigants with an opportunity to compel a response to discovery requests either where none has been made or where the response is so inadequate or evasive that it is tantamount to no response at all.[2] That is not what occurred here. Walmart responded to the discovery request, first by lodging its objection, next by noting that Pullins could access the materials sought on his own as a current Walmart employee through "The Wire" [Filing No. 64-2, at ECF p. 10], and then finally by nevertheless producing a document in response. Walmart did not fail to respond or respond inadequately to Pullins's request. Therefore, Pullins's motions are denied.

## IV.     Conclusion

For reasons stated above, Pullins's motion to compel [Filing No. 63] is denied. Furthermore, his motion for discovery [Filing No. 70] is also denied.

Date: 4/21/2020          _T. Bl_

                         Tim A. Baker
                         United States Magistrate Judge
                         Southern District of Indiana

---

[2] In addition, Fed. R. Civ. P. 37 requires that a party moving to compel disclosure or discovery must give notice to the other party of such motion, including a certification that they have in good faith conferred or attempted to confer. No such certification was presented in this case. However, Walmart has not raised any issue regarding the notice it received and provided evidence of an email thread between the parties discussing this discovery issue. [Filing No. 64-3.] Because the underlying issues can be easily addressed in this order, the Court need not further address this potential procedural issue.

Distribution:

All ECF-registered counsel of record via email

PIERRE Q. PULLINS
6120 Westlake Drive N.
Apt. B
Indianapolis, IN 46224