UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PIERRE Q. PULLINS,                          )
                                            )
                          *Plaintiff*,      )
                                            )
                    v.                      )         No. 1:18-cv-03912-JMS-TAB
                                            )
WALMART E COMMERCE and WAL-MART STORES      )
EAST, LP,                                   )
                                            )
                          *Defendants*.     )

## ORDER

*Pro se* Plaintiff Pierre Pullins initiated this litigation in December 2018, and asserts a

retaliation claim under Title VII of the Civil Rights Act of 1964, as amended, against Defendant

Wal-Mart Stores East, LP ("Walmart").[1]   [Filing No. 1.]   After a dispute arose relating to

scheduling Mr. Pullins' deposition, Walmart filed a Motion to Compel Plaintiff's Deposition and

Extend Discovery and Dispositive Motion Deadlines.  [Filing No. 47.]  The Magistrate Judge

issued a Report and Recommendation, in which he recommended that the Court grant Walmart's

Motion to Compel and require Mr. Pullins to reimburse Walmart for $780 in attorneys' fees and

costs associated with efforts to take Mr. Pullins' deposition.  [Filing No. 54.]  Mr. Pullins has filed

an Objection to the Magistrate Judge's Report and Recommendation, [Filing No. 58], which is now

ripe for the Court's decision.

---

[1] Mr. Pullins lists both Walmart and Walmart E Commerce as Defendants.  [Filing No. 1.]
Walmart advises that there is no such entity as Walmart E Commerce.  [*See* Filing No. 14 at 1
(Walmart's Corporate Disclosure Statement).]  Accordingly, the Court **DIRECTS** the Clerk to
**TERMINATE** Walmart E Commerce as a Defendant in this matter.

Additionally, the Magistrate Judge recently denied a Motion to Compel Discovery and a Motion for Discovery filed by Mr. Pullins, in which Mr. Pullins sought an order compelling Walmart to produce certain documents.  [Filing No. 71.]  Mr. Pullins has filed a Motion for Leave to File Objections to Order on Plaintiff's Motion to Compel and Motion for Discovery, [Filing No. 73], and the Court discusses that motion in this Order as well.

## I.
### MR. PULLINS' OBJECTION TO REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO COMPEL

#### A.  Standard of Review

The Court referred this matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except [certain types of pretrial motions]").  A referral under that provision may be "reconsider[ed]…where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); *see also Wingerter v. Chester Quarry Co.*, 185 F.3d 657, 660-61 (7th Cir. 1998).

#### B.  Background

##### *1.  Walmart's Motion to Compel*

In its Motion to Compel, Walmart set forth the following timeline:

- The Court set a discovery deadline of October 14, 2019 and a dispositive motions deadline of December 12, 2019;

- After the initial pretrial conference, Walmart served Mr. Pullins with written discovery requests and authorizations for the release of his medical, tax, and employment records.  Walmart also served Mr. Pullins with a notice of deposition, setting the deposition for September 27, 2019;

- Mr. Pullins' written discovery responses were due by August 12, 2019, but Mr. Pullins failed to serve Walmart with his responses or seek an extension of time.  On September 9, 2019, the Court issued an order instructing Mr. Pullins to serve

his overdue discovery responses and signed releases by September 19, 2019. Mr. Pullins did not do so;

- Because Mr. Pullins had not served his discovery responses, Walmart cancelled Mr. Pullins' September 27, 2019 deposition and sought an enlargement of time for the discovery and dispositive motions deadlines.  The Court extended the discovery deadline to December 3, 2019, and the dispositive motions deadline to January 10, 2020;

- After Mr. Pullins again failed to provide Walmart with complete discovery responses, the Court extended the discovery and dispositive motions deadlines to January 2, 2020 and February 10, 2020, respectively.  The Court stated that it was "concerned the Plaintiff's actions are disrupting the schedule and resolution of this matter.  The Court will not tolerate missed deadlines, incomplete discovery responses, and similar conduct that causes such problems";

- Mr. Pullins did not produce documents responsive to Walmart's requests until November 1, 2019.  At that point, Walmart served Mr. Pullins with an amended notice of deposition, rescheduling Mr. Pullins' deposition for December 2, 2019;

- Mr. Pullins refused to appear for a deposition on December 2, 2019, stating that it would be during the "peak season" at work.  He requested that his deposition be re-scheduled for January 2020.  Walmart's counsel advised Mr. Pullins that it could not postpone the deposition until January 2020 because of the discovery and dispositive motions deadlines, but rescheduled his deposition for December 17, 2019;

- Mr. Pullins advised that he would not attend the December 17, 2019 deposition due to his work schedule, and Walmart agreed to reschedule the deposition for December 20, 2019 and to give Mr. Pullins an excused absence from work on December 19, 2019 so that he could rest or prepare for his deposition;

- On December 16, 2019, Mr. Pullins told Walmart to cancel his deposition because he would not be in attendance.  Walmart's counsel advised Mr. Pullins that his deposition could not be postponed any further, and that he was expected to attend on December 20, 2019.  Mr. Pullins sent Walmart an email on December 19, 2019 stating that he would not be attending the deposition on December 20, 2019.  Walmart's counsel advised Mr. Pullins that Walmart was not cancelling his deposition; and

- Mr. Pullins did not appear for his deposition on December 20, 2019.

[Filing No. 48 at 1-4.]  Walmart sought an Order compelling Mr. Pullins' attendance at a January 24, 2020 deposition, granting certain extensions to the case management plan, and granting Walmart permission to file an affidavit setting forth the attorneys' fees and costs it incurred in connection with Mr. Pullins' failure to appear for the December 20, 2019 deposition.  [Filing No. 48 at 7.]

In his response, Mr. Pullins argued that Walmart "refused to accommodate his work schedule," and that he was working six days a week, eleven-hour days, with only Fridays off. [Filing No. 49 at 1-2.]  Mr. Pullins stated that, as for Walmart's discovery requests, he "has turned over as much as he can and will continue to do so if he can find more material.  If information is incomplete, it is because [he] either can't find it or doesn't remember."  [Filing No. 49 at 2.]  Mr. Pullins further stated that he would attend a January 24, 2020 deposition, and requested that the Court not impose costs because he "has done his best to comply with discovery under the circumstances."  [Filing No. 49 at 3.]

Walmart reiterated many of its arguments in its reply.  [Filing No. 51.]

### 2.  *The Report and Recommendation*

In his Report and Recommendation, the Magistrate Judge first noted that, since filing its Motion to Compel, Walmart had secured Mr. Pullins' deposition, so the motion should be denied as moot as to that requested relief.  [Filing No. 54 at 1-2.]  The Magistrate Judge then outlined the events leading up to the Motion to Compel, and found that Walmart went to great lengths to accommodate Mr. Pullins by scheduling his deposition for his day off and providing him with an excused absence for the day before so that he could rest and prepare.  [Filing No. 54 at 3-4.]

The Magistrate Judge further noted that Mr. Pullins admitted at a hearing on the Motion to Compel that he had not even asked his supervisor for time off for his deposition, or sought an order

from the Court to address his alleged inability to appear for the December 20 deposition. [Filing No. 54 at 4.] The Magistrate Judge noted that Mr. Pullins acknowledged that he understood Walmart would file a motion for sanctions and that the Magistrate Judge had admonished him and stated that he would "just have to take the ramifications." [Filing No. 54 at 4.] The Magistrate Judge went on to find that the one hour of attorney time Walmart was seeking, along with the modest costs relating to the court reporter, were reasonable. [Filing No. 54 at 5.]

**C. Discussion**

In his Objection, Mr. Pullins sets forth many of the same arguments that he asserted in response to the Motion to Compel. [Filing No. 58.] He contends that he tried to mitigate any financial damages to Walmart by "timely warning" Walmart that he would not be at the December 20, 2019 deposition and asking Walmart not to go through the expense of scheduling the deposition. [Filing No. 58 at 1.] He also asserts that he would have been tired after working six days a week, eleven hours a day, with mandatory overtime, and that having one day off before the deposition would have been insufficient. [Filing No. 58 at 1-2.] Mr. Pullins argues that Walmart could have exempted him from mandatory overtime, but did not. [Filing No. 58 at 2.] He contends that Walmart adjusted his schedule in such a way as to make it harder for him to pursue this lawsuit. [Filing No. 58 at 4.] He asserts that Walmart's request for $780 should be denied because Walmart has "unclean hands," and he notes that at the hearing on the Motion to Compel he raised an issue with Walmart's Gap Time Policy, and when he returned to work the next week Walmart had removed the Gap Time Policy signs from the facility. [Filing No. 58 at 2; Filing No. 58 at 5.]

In its response, Walmart first argues that the Magistrate Judge properly considered the history of the litigation, including "Plaintiff's repeated failures to meet discovery deadlines and delay the taking of his deposition." [Filing No. 59 at 1-2.] It also asserts that Walmart timely

produced a copy of the Gap Time Policy to Mr. Pullins on February 11, 2020, and that Mr. Pullins

has not articulated how the Gap Time Policy relates to his claims in this litigation.  [Filing No. 59

at 2.]

       Mr. Pullins did not file a reply.

       Federal Rule of Civil Procedure 37(d)(1)(A)(i)  provides that "[t]he court where the action

is pending may, on motion, order sanctions if…a party…fails, after being served with proper

notice, to appear for that person's deposition."  Sanctions may include a requirement that the party

failing to appear for the deposition "pay the reasonable expenses, including attorney's fees, caused

by the failure, unless the failure was substantially justified or other circumstances make an award

of expenses unjust."  Fed. R. Civ. P. 37(d)(3).

       Mr. Pullins' history throughout this litigation demonstrates that his failure to appear for the

December 20, 2019 deposition was not substantially justified, and that awarding sanctions is

warranted.  That history reflects Mr. Pullins' repeated failure to comply with discovery-related

deadlines.  His consistent disregard for discovery deadlines has necessitated the extension of case

management deadlines, and the re-scheduling of his deposition numerous times.  The Magistrate

Judge specifically warned Mr. Pullins that his disregard for deadlines would not be tolerated.

[Filing No. 39 at 1 ("The Court is concerned the Plaintiff's actions are disrupting the schedule and

resolution of this matter.  The Court will not tolerate missed deadlines, incomplete discovery

responses, and similar conduct that causes such problems").]

       Additionally, the events leading up to the missed December 20, 2019 deposition indicate

that Walmart was trying to accommodate Mr. Pullins' schedule as best as it could, and do not show

– as Mr. Pullins argues – that Walmart was somehow trying to set Mr. Pullins up for failure.

Walmart re-set Mr. Pullins' deposition once due to his failure to adequately respond to its discovery

requests, and then re-set the deposition twice at Mr. Pullins' request due to his work schedule. Walmart even excused Mr. Pullins from work the day before the December 20, 2019 deposition so that he could rest and prepare. When Walmart informed Mr. Pullins that the December 20 deposition could not be re-scheduled due to the case management deadlines, Mr. Pullins decided not to attend, despite knowing the potential consequences. [Filing No. 48-6 at 3 (Mr. Pullins acknowledging that Walmart would likely file "some sort of sanctions motion" and that he understood the Magistrate Judge's previous admonishment, but that he would "just have to take the ramifications").] Mr. Pullins filed this lawsuit and, although he is proceeding *pro se*, he must still comply with all procedural rules, Court orders, and deadlines. *See McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001). He has not done so in this case, and the Court finds that the Magistrate Judge's recommendation that sanctions be imposed is neither clearly erroneous nor contrary to law.[2]

As to the amount of sanctions, the Court finds $780 to be a highly reasonable amount. Walmart seeks one hour of its counsel's time, although the Court suspects that counsel spent well in excess of one hour re-scheduling the deposition multiple times, attending the December 20, 2019 deposition (at which Mr. Pullins failed to appear), and preparing and briefing the Motion to Compel. Further, counsel's hourly rate of $400 is reasonable in light of her experience and, in any event, Mr. Pullins does not argue otherwise. Finally, because Mr. Pullins' failure to attend the

---

[2] As discussed further below, the Court is not persuaded by Mr. Pullins' argument that Walmart has failed to produce Gap Time Policy documents. First, it appears that Walmart has, in fact, produced those documents. Second, Mr. Pullins has not explained what significance, if any, these documents have to this litigation. And finally, whether or not the Gap Time Policy documents were produced has nothing to do with whether Mr. Pullins should have appeared for his December 20, 2019 deposition.

December 20, 2019 deposition was unwarranted, Walmart is entitled to payment from Mr. Pullins for the $380 court reporter bill.

In short, the Court finds that the Magistrate Judge's Report and Recommendation is not clearly erroneous or contrary to law, and **OVERRULES** Mr. Pullins' Objection.  Mr. Pullins is **ORDERED** to pay **$780 to Walmart within 30 days of this Order**.

## II.
### MR. PULLINS' MOTION FOR LEAVE TO FILE OBJECTIONS TO ORDER ON PLAINTIFF'S MOTION TO COMPEL AND MOTION FOR DISCOVERY

The Court **GRANTS** Mr. Pullins' Motion for Leave to File Objections to Order on Plaintiff's Motion to Compel and Motion for Discovery to the extent that it will consider Mr. Pullins' Objection, which is attached as an exhibit to his motion.

### A.  Standard of Review

As with an objection to a Magistrate Judge's Report and Recommendation, an Objection to a Magistrate Judge's order on a non-dispositive matter – such as Mr. Pullins' Motion to Compel Discovery – should only be sustained where the Magistrate Judge's order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).  "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 2007).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Pain Center of SE Indiana, LLC v. Origin Healthcare Solutions, LLC*, 2014 WL 6674757, at *2 (S.D. Ind. 2014) (citations and quotations omitted).

### B.  Background

#### 1.  *Mr. Pullins' Motion to Compel Discovery and Motion for Discovery*

In his Motion to Compel Discovery and Motion for Discovery, Mr. Pullins argued that he requested a copy of the "'Gap Time Policy' for warehouse 6280," and that Walmart produced a policy that "appears to be from another facility and subsidiary Jet.com."  [Filing No. 63 at 1; *see also* Filing No. 70.]  Mr. Pullins asserted that signs posting the Gap Time Policy were posted in the "consolidation work area," but when he returned to work after a hearing in this case, the signs had been removed.  [Filing No. 63 at 1.]  Mr. Pullins explained that he needs the Gap Time Policy documents to "write his cross motion for summary judgment," because the documents "will help him argue that [Walmart] has not been truthful in responding to his discovery requests," and that the Gap Time Policy "is evidence of proprietary information from a competitor."  [Filing No. 63 at 1-2.]  Finally, Mr. Pullins requested that the Court defer ruling on Walmart's Motion for Summary Judgment "to allow time for [Walmart] to turn over the requested discovery."  [Filing No. 70 at 1.]

Walmart argued in response that Mr. Pullins has raised the issue of the Gap Time Policy documents at least twice before – including in connection with Walmart's Motion to Compel discussed above.  [Filing No. 64 at 1.]  Walmart asserted that the issue is moot, because it has already produced the Gap Time Policy documents that Mr. Pullins requested.  [Filing No. 64 at 2.]  Walmart also noted that Mr. Pullins has never explained the relevance of the Gap Time Policy documents to this litigation.  [Filing No. 64 at 2.]

Mr. Pullins reiterated his arguments in his reply.  [Filing No. 65.]

2. *The Magistrate Judge's Decision*

On April 21, 2020, the Magistrate Judge issued an Order denying Mr. Pullins' Motion to Compel Discovery and his Motion for Discovery. [Filing No. 71.] The Magistrate Judge found that Mr. Pullins "continues to refuse to state why the policy is relevant to his claims or why the documents that he has received from Walmart are not sufficient to address his discovery request." [Filing No. 71 at 3-4.] The Magistrate Judge noted that Walmart objected to Mr. Pullins' request for the Gap Time Policy documents, but ultimately produced the documents. [Filing No. 71 at 4.]

**C. Discussion**

In his Objection, Mr. Pullins argues that:

> The Court did not acknowledge or comment on [Mr. Pullins'] allegation that Walmart destroyed the requested discovery on or about the same day of the January 31, 2020 hearing in this matter. Pullins wanted the Gap Time Policy from 6280 for impeachment purposes. The Gap Time Policy that was posted at 6280 was nearly identical to a policy from Amazon. Walmart denies their Gap Time Policy came from Amazon. There was an article in the online magazine the Verge…that may have suggested otherwise. The whole point of the Gap Time Policies was to show that Walmart could not be trusted to tell the truth. Plaintiff believes they haven't been. Walmart should have turned over the policies posted at 6280 that were requested during discovery since they responded.

[Filing No. 73-1 (emphasis omitted).][3]

In his Objection, Mr. Pullins continues the same pattern that he has followed thus far regarding the Gap Time Policy documents – he asserts that he needs the documents, does not explain their relevance to the claims that he asserts in this litigation, and does not explain why the documents that Walmart has already produced are insufficient. Even if Mr. Pullins had shown that Walmart has not already produced the documents, his vague allegation that the documents will

---

[3] Because the Court finds that a response from Walmart to Mr. Pullins' Motion and Objection is unnecessary, it rules on the Motion and Objection before Walmart's time for responding has expired.

10

somehow show that Walmart has not been truthful is not enough to justify his need for the documents in this litigation.  And, to the extent Mr. Pullins seeks the documents in an attempt to drum up additional claims against Walmart or to delay this litigation, the Court rejects those efforts.  The Court finds that the Magistrate Judge's denial of Mr. Pullins' Motion to Compel Discovery, [Filing No. 63], and his Motion for Discovery, [Filing No. 70], was neither clearly erroneous nor contrary to law and **OVERRULES** Mr. Pullins' Objection, [Filing No. 73-1].

### III.
### CONCLUSION

For the foregoing reasons, the Court:

- **DIRECTS** the Clerk to **TERMINATE** Walmart E Commerce as a Defendant in this matter;

- **OVERRULES** Mr. Pullins' Objection, [58];

- **ADOPTS** the Magistrate Judge's Report and Recommendation, [54];

- **DENIES IN PART AS MOOT** Walmart's Motion to Compel Plaintiff's Deposition and Extend Discovery and Dispositive Motion Deadlines, [47], to the extent that Walmart seeks an order compelling Mr. Pullins' attendance at his deposition and extensions of case management deadlines;

- **GRANTS IN PART** Walmart's Motion to Compel Plaintiff's Deposition and Extend Discovery and Dispositive Motion Deadlines, [47], to the extent that Walmart seeks its attorneys' fees and costs associated with Mr. Pullins' failure to appear for the December 20, 2019 deposition;

- **ORDERS** Mr. Pullins to pay Walmart **$780 in attorneys' fees and expenses within 30 days of this Order**;

- **GRANTS** Mr. Pullins' Motion for Leave to File Objections to Order on Plaintiff's Motion to Compel and Motion for Discovery, [73], to the extent that it considers Mr. Pullins' Objection attached as an exhibit to his motion; and

- **OVERRULES** Mr. Pullins' Objection to Court's Order on Plaintiff's Motion to Compel and Motion for Discovery, [73-1].

Date: 5/12/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via United States Mail to:**

Pierre Q. Pullins
6120 Westlake Drive N.
Apt. B
Indianapolis, IN 46224

**Distribution via ECF only to all counsel of record**

12