UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PIERRE Q. PULLINS, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | No. 1:18-cv-03912-JMS-TAB |
| ) | |
| WAL-MART STORES EAST, LP, ) | |
| ) | |
| ) | |
| *Defendant*. ) | |

## ORDER

*Pro se* Plaintiff Pierre Pullins initiated this litigation in December 2018, asserting a retaliation claim under Title VII of the Civil Rights Act of 1964, as amended, and a civil conspiracy claim against Defendant Wal-Mart Stores East, LP ("Walmart"). [Filing No. 1.] On May 12, 2020, the Court granted Wal-Mart's Motion for Summary Judgment and entered final judgment in this matter. [Filing No. 75; Filing No. 76.] This Order discusses the propriety of Walmart's Bill of Costs, [Filing No. 77], to which Mr. Pullins objects, [Filing No. 78].

In its Bill of Costs, Walmart seeks $1,324.60 for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." [Filing No. 77.] In support of the Bill of Costs, Walmart submits an invoice from Lexitas for the deposition of Mr. Pullins, which reflects the following charges that make up the $1,324.60 total:

- $643.10 for "Original Transcript & 1 Copy";
- $29.00 for "Mini / Condensed Transcript";
- $570.00 for "Reporter Appearance Fee – Per Hour";
- $47.50 for "E-Bundle / Lit Support Package"; and

1

- $35.00 for "Processing, Handling & Archiving."

[Filing No. 77-1.]

In his one-paragraph "Opposition to the Taxation of Costs," Mr. Pullins states:

The Plaintiff, Pierre Q. Pullins, pro se now submits his motion in opposition to the taxation of costs against him. Pullins attempted to contact lawyers [for] Walmart through email to confer over the costs but has not seen or received a response. Walmart doesn't want or need to recover the costs of approximately $1,300.00, they simply want to use them as leverage for Pullins to relinquish his right to appeal. In addition, Pullins believes Walmart commit[t]ed a crime during the course of litigation by destroying requested discovery.

[Filing No. 78.]

Walmart argues in its reply in support of its Bill of Costs that Mr. Pullins' claim that he did not receive a response from Walmart's counsel is unsupported and self-contradicted. [Filing No. 79 at 1.] It asserts that its counsel had discussed the Bill of Costs with Mr. Pullins, and that Walmart offered to forego its Bill of Costs if Mr. Pullins agreed not to pursue an appeal of the Court's Order granting Walmart's Motion for Summary Judgment, but Mr. Pullins refused. [Filing No. 79 at 1.] Walmart contends that the award of costs to the prevailing party is presumptive, and that good faith and a disparity in the parties' financial situations is not enough to overcome the presumptive nature of the award of costs. [Filing No. 79 at 1-2.] Walmart notes that Mr. Pullins does not claim that he is unable to pay the costs that Walmart seeks. [Filing No. 79 at 2.] Finally, Walmart argues that the Court has already considered and rejected Mr. Pullins' argument that Walmart committed a crime during the litigation by destroying requested discovery. [Filing No. 79 at 2.]

Federal Rule of Civil Procedure 54(d)(1) states that, unless a statute, rule, or court order provides otherwise, costs should generally be awarded to the "prevailing party." Fed. R. Civ. P. 54(d)(1). "The process for awarding court costs is intended to be summary." *Extra Equipamentos*

2

*E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008). The district court should not resolve arguments regarding the winning party's strategy in litigating the case, *id.*, but nonetheless must discern whether the claimed costs were "reasonable and necessary," *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991). The losing party "bears the burden of an affirmative showing that the taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). 28 U.S.C. § 1920 sets forth the costs a district court may tax to the losing party, which include "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2).

It is undisputed that Walmart is the "prevailing party" in this case. As to the appropriateness of the $1,324.60 in costs, Mr. Pullins does not argue that the amount itself is unreasonable or unnecessary. Rather, he argues that: (1) Walmart's counsel did not respond to him regarding the costs; (2) Walmart does not need to recover the costs, but is using them as leverage to try to get Mr. Pullins not to appeal the Court's grant of summary judgment; and (3) Walmart "committed a crime during the course of litigation by destroying requested discovery." [Filing No. 78.] None of these arguments is availing.

First, whether or not Walmart's counsel discussed the costs with Mr. Pullins is irrelevant to the issue of whether the costs are reasonable or necessary. Second, Walmart is presumptively entitled to the costs, and whether it "needs" to recover the costs based on its financial condition is of no moment. Further, there is nothing improper about Walmart offering not to pursue recovering its costs if Mr. Pullins agrees not to pursue his appeal. Finally, Mr. Pullins argued in connection with various objections to the Magistrate Judge's orders and Walmart's Motion for Summary Judgment that Walmart destroyed requested discovery, and the Court has already found that Mr. Pullins "has not explained what significance, if any, [the discovery has] to this litigation," and that

3

it appeared that Walmart had already produced the discovery in any event. [*See* Filing No. 74 at 7.]

In short, the Court finds that the $1,324.60 in costs which Walmart seeks is reasonable and necessary, and that Mr. Pullins has not shown otherwise. Accordingly, the Court **GRANTS** Walmart's Bill of Costs, [77]. Mr. Pullins is **ORDERED** to pay Walmart **$1,324.60** for its costs in this matter **within 21 days of this Order**.

Date: 7/10/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via United States Mail to:**

Pierre Q. Pullins
6120 Westlake Drive N.
Apt. B
Indianapolis, IN 46224

**Distribution via ECF only to all counsel of record**